UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN GIEGLER, #249961,**

    Petitioner,

                                  Civil No: 04-CV-73471
                                  Honorable John Corbett O'Meara

v.

**JAN TROMBLEY,**[1]

    Respondent.
_____

## OPINION & ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I. Introduction**

This habeas matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Respondent filed an "Answer in Opposition to Petition for Writ of Habeas Corpus." Petitioner was convicted of second-degree criminal sexual conduct in violation of MCL §750.520c(1)(a). Subsequent to a no-contest plea in Livingston County Circuit Court on March 8, 1996, Petitioner was sentenced on April 4, 1996 to five years probation and a maximum of one year in the county jail. Petitioner's probation was revoked on May 24, 1996 due to his failure to comply with the terms of his probation (i.e., writing letters to his former wife); and he was re-sentenced to serve three to fifteen years imprisonment.

Petitioner has been denied parole and is challenging the execution of his sentence. He raises one claim for the Court's review: whether Petitioner's substantive due process rights under the

---

[1] The present warden of Pine River Correctional Facility, where Petitioner is housed, is Percy Conerly.

Fourteenth Amendment were violated when he was denied parole. Respondent argues that Petitioner's claim is not cognizable in a federal habeas proceeding and is without merit. Upon review of the pleadings and for the reasons set forth below, the Court will deny Petitioner's request for habeas relief.

## II. Statement of Facts

Substantively, the underlying act substantiating Petitioner's conviction was the inappropriate touching of his eight-year old step-daughter in her vaginal area. Relative to the parole issue, Petitioner claims that he has been denied the opportunity for parole because he has failed to participate in group therapy. He further claims that the Michigan Department of Corrections (MDOC) consistently prohibits Petitioner from taking part in the group therapy sessions that are offered. Therefore, it is Petitioner's position that he is being unjustly denied parole when the MDOC is the reason he cannot fulfill the obligations necessary to achieve parole status. The record indicates that Petitioner was on a waiting list to receive therapy, however, for an extended period of time, he refused to admit that he had committed a sexual crime. Therefore, his name was removed from the list. Petitioner subsequently took responsibility for his "sexual deviant behavior," but it is Respondent's position that any delay in receiving group therapy was of Petitioner's own doing by his failure to take responsibility for his actions and admit that his conduct relative to his eight-year old step daughter was criminal sexual behavior.

## III. Procedural History

Petitioner submitted several letters and filed grievances with the MDOC relative to his opportunity for parole being denied. On November 26, 2003, Petitioner filed a writ of habeas corpus with the Gratiot County Circuit Court challenging the actions of the Michigan Parole Board in

denying him release on parole. On July 13, 2004, the circuit court denied the petition because [a]n inmate of the Department of Corrections has neither the right nor the opportunity to seek leave to appeal a decision of the Michigan Parole Board denying parole." (Habeas Petition, Exhibit G, pg. 2). MCL §791.234(9) eliminates the provision regarding methods by which a prisoner could appeal a parole denial. MCR 7.104(D)(1),(2)(a). Consequently, because state law prohibits a prisoner from appealing a parole denial, Petitioner has no available state court remedy in which to exhaust his claims.

## IV. **Standard of Review**

Petitioner is entitled to writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determinate of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. §2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-23 (2000). "Avoiding these pitfalls doesn't require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so

3

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002)(per curiam opinion) (emphasis in original). "Further, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1)." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004).

## V. Discussion

Petitioner claims that as a result of being denied parole, his liberty interests have been violated. Moreover, Petitioner has been subjected to a denial of his substantive due process rights due to the arbitrary and capricious decision by the Michigan Parole Board to deny Petitioner parole.

### A. Liberty Interest

Liberty interests may arise from the Constitution itself or from the provision of state law. See *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has not duty to do so. *Id.* A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of that Parole Board. See *Board of Pardons v. Allen,* 482 U.S. 369, 373-75 (1987). In the absence of a state-created liberty interest, the Parole Board can deny release on parole for any reason or for no reason at all, and the Due Process Clause has no application. See *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 236 (6th Cir. 1991).

Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. MCL §791.233b, 234, 235. No statutory provision requires parole for any eligible

4

prisoner under any circumstances. The statute makes release on parole expressly discretionary. MCL §791.234(11). Relying upon these provisions of Michigan law, the Sixth Circuit has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown,* 27 F.3d 1162, 1164-65 (6th Cir. 1994). Petitioner would argue that his status of having a "high probability of parole" creates a situation where his release on parole is mandatory. The Court disagrees. A state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex,* 442 U.S. at 7-8. 1, 7 (1979).

For these reasons, the Court does not find that Petitioner has a liberty interest in parole; and his claim is unavailing in that regard.

### B. Arbitrary & Capricious

In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Petitioner must show that the Parole Board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Mayrides v. Chaudhry,* 2002 WL 1359355, *2 (6th Cir. June 20, 2002). In this case Petitioner's parole guideline score was eight, indicating that he had a "high probability of parole." Under Michigan law, when a prisoner's parole guideline score places him in the "high probability of parole" range, the Parole Board may only deny the prisoner parole release upon providing substantial and compelling reasons in support of its decision. MCL §791.233e(6); *Scholtz v. Michigan Parole Board,* 231 Mich. App. 104, 106-12 (1998).

The Parole Board stated that its substantial and compelling reason for denying Petitioner parole is that he "has failed to involve himself in the therapeutic programming which is designed to allow him to gain greater insight into his deviant behavior." (Habeas Petition, Exhibit A, pg.1).

5

Petitioner claims that he has been precluded from participating in these group therapy sessions, and therefore should not be penalized for failing to "involve himself in the therapeutic programing" when the MDOC has denied him the opportunity to participate. Although Petitioner claims that he has done nothing to impede his participation in the subject group therapy sessions, the record indicates otherwise. Petitioner's psychological reports indicate that he failed to take responsibility for the sexual acts he committed upon his eight-year old step-daughter and in fact denied that he committed a criminal act. (Parole Board Record, pp. 60-62, 66, 69, 117, 171, 195). Lawrence Kozyra, M.A., L.L.P. stated in a report dated June 24, 2002 that the "circumstances do not warrant appropriate motivation for placing you in treatment at this time." *Id.* Although, at some point, Petitioner decides to take responsibility for his actions, the delay in being eligible for receiving therapy treatment must be attributed to Petitioner's own actions and attitude.

Clearly, Petitioner does not agree with the Parole Board's decision, however, that does not provide a basis for his assertion that the denial was arbitrary and capricious. "Absent substantial evidence of an arbitrary and capricious abuse of discretion amounting to a denial of a constitutional right, and absent evidence of a decision based on an unconstitutional factor such as an applicant's race, sex, religion, or prior exercise of protected constitutional rights, the Court should not interfere with the Parole Board's exercise of its discretion in denying an application for parole." *Clark v. Carr,* 2002 WL 1880469, *3 (E.D. Mich. July 30, 2002). The Sixth Circuit in an unpublished decision has taken the holding in *Clark* one step further by ruling that in the absence of a liberty interest, even an allegation of arbitrary or capricious denial or release on parole states no federal claim. *Haynes v. Hudson,* 1990 WL 41025, * (6th Cir. Apr. 10 1990).

The Court finds that the determinations made by the Parole Board cannot reasonably be considered an "egregious abuse of governmental power," even though Petitioner may not agree with that conclusion.

### C. Substantive Due Process

Petitioner argues that he has been denied substantive due process by the arbitrary actions of the Parole Board. To the extent that Petitioner argues that the Parole Board refused to follow state law, specifically MCL §791.233e(6), such a claim is not cognizable in a federal habeas corpus action. A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir. 1988).

To the extent that Petitioner presents a federal constitutional claim, his claim is likewise without merit. Although substantive due process protects inmates form arbitrary denials of parole based upon the above stated impermissible criteria, Petitioner does not set forth any facts for such a claim in his petition. Moreover, since the Court has found that the Parole Board's actions were not arbitrary and capricious, Petitioner has failed to assert a constitutional claim cognizable in this federal habeas proceeding.

## VI. Conclusion

Accordingly,

**IT IS ORDERED** that the "Petition for Writ of Habeas Corpus" **[Doc. #1, filed September 7, 2004]** is **DENIED** and **DISMISSED WITH PREJUDICE.**

                                                 s/John Corbett O'Meara
                                                 United States District Judge

Dated: September 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 27, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager